833 F.2d 1022
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
GREG PELLAND CONSTRUCTION, Appellant,
v.
The UNITED STATES, Appellee.
 No. 87-1181.
 United States Court of Appeals, Federal Circuit.
 Oct. 13, 1987.
 
 Before NIES, Circuit Judge, COWEN, Senior Circuit Judge, and BISSELL, Circuit Judge.
 COWEN, Senior Circuit Judge.
 DECISION
 The decision of the Armed Services Board of Contract Appeals ("Board"), which found that the Yakima contract was illegal and held that Pelland was not entitled to recover on the extra-contractual theory of unjust enrichment, Greg Pelland Construction v. United States, ASBCA No. 31128, 86-3 BCA (CCH) p 19,298 (August 14, 1986), modified on reconsid., 87-2 BCA (CCH) p 19,755 (January 14, 1987), is affirmed in part, reversed in part, and remanded.
 
 OPINION
 1.
 
 1
 Pelland first argues that the Board erred in finding that the Yakima contract was illegal because Pelland was affiliated with the CSS group ("CSS"). However, the Board's finding that CSS was a joint venturer of Pelland on the contract is supported by substantial evidence. It is clear from the record that the contract proposal was prepared by CSS and that Pelland authorized CSS to negotiate the contract in his behalf. Additionally, Pelland had no means of performing the contract by himself and was obligated by agreement to subcontract only with CSS. All costs of performance, including wages and benefits of the employee who performed the contract work, were paid from the CSS share of the receipts. Pelland's only function was to sign the contract documents and to act as a conduit for the funds. On the basis of these facts, the Board correctly found that a joint venture existed between Pelland and the CSS group, whose combined average receipts were in excess of $2 million during the three fiscal years 1980-1982. Accordingly, the Board's decision that the contract was illegal is affirmed. 15 U.S.C. Sec. 632(a) (1981); 13 C.F.R. Sec. 121.3-2(a)(vii)(A), (C) (1981).
 
 2.
 
 2
 Second, Pelland argues that the Government is estopped from denying the validity of the Yakima contract because he was advised by the Government that a small business could subcontract to a large business. Moreover, Pelland declares that the Government was aware of the CSS/Pelland relationship before the contract was awarded. Even if we accept the truth of these assertions, Pelland has not established the elements necessary to prove estoppel against the Government. In the absence of affirmative misconduct by a Government agent, the Government may not be estopped from enforcing compliance with valid regulations. Schweiker v. Hansen, 450 U.S. 785, 788 (1981); Urban Data Sys., Inc. v. United States, 699 F.2d 1147, 1153-54 (Fed.Cir.1983). On this record, there is no evidence of affirmative misconduct. Consequently, the Board's holding that the Government is not estopped from denying the contract's illegality is affirmed.
 
 3.
 
 3
 Lastly, Pelland contends that even if the contract was illegal, and therefore void or voidable as the Board held, he nevertheless is entitled to recover on the basis of an implied contract, unjust enrichment, or quantum meruit. The Board disagreed, holding that Pelland was not entitled to recover for the value of unpaid work, which the Government accepted and from which the Government benefited.
 
 
 4
 In view of the facts and circumstances of this case, we hold that Pelland's claim for extra-contractual relief, based on an implied-in-fact contract, is controlled by our decisions in United States v. Amdahl Corp., 786 F.2d 387 (Fed.Cir.1986) and Urban Data Sys., Inc. v. United States, 699 F.2d 1147 (Fed.Cir.1983) and falls within the Amdahl holding that "it would violate good conscience to impose upon the contractor all economic loss from having entered an illegal contract." 786 F.2d at 393 (emphasis in original). In Urban Data, this court considered a factually similar situation in which two Small Business Administration contracts were entered into in violation of statutory provisions. However, because the contractor performed and the Government accepted the supplies, we held that Urban Data Systems was entitled to recover on a quantum valebant basis for the reasonable value in the marketplace of the supplies and services. 699 F.2d at 1154.
 
 
 5
 We recognize that in a decision binding on this court, it has been held that, despite the government receiving a benefit, no recovery may be had on a theory of quantum meruit or quantum valebant where a contract is "fraught with fraud and corruption." K & R Eng'g Co. v. United States, 616 F.2d 469 (Ct.Cl.1980). However, nothing in the findings of the Board indicates that the conduct of Pelland and CSS was so egregious that all recovery should be denied. The Board found "bad faith" on the part of CSS (but not Pelland), but bad faith is not equivalent to "fraud and corruption."
 
 
 6
 We find no reason to deviate from the holding in Amdahl and Urban Data in this case. Accordingly, Pelland is entitled to be paid for the reasonable value in the marketplace of the extra work the joint venture performed.
 
 
 7
 We express no opinion on the amount Pelland is entitled to recover in accordance with this opinion. That matter is necessarily left to the Board's determination on remand.